IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>SKYLER F. SANDERS,<br><br>　　　　　　　　Defendant. | 8:19CR318<br><br>ORDER |

　　　　This matter is before the Court on Defendant's Motion for New Trial, Filing No. 85. Defendant, through his attorney, asserts that one of the empaneled jurors did not disclose that the juror's mother is/was a guard at the Douglas County Correctional Center. Defendant argues that this information should have been disclosed during voir dire when the panel was asked if any prospective jurors had family in law enforcement.

　　　　Under Federal Rule of Criminal Procedure 33, "upon the defendant's motion, the court may vacate and grant a new trial if the interest of justice so requires." A motion for a new trial based on newly discovered evidence must be filed within three years of a guilty verdict. See Fed. R. Crim. P. 33(b)(1). A motion for new trial on any other grounds must be filed within fourteen days of the verdict. See Fed. R. Crim. P. 33(b)(2).

　　　　Defendant does not specify whether his motion is based on newly discovered evidence or other grounds. If it is "other grounds," his motion is not timely. Although counsel for Defendant states that he learned of this information on July 20, 2021, Defendant does not state that he is arguing this is newly discovered evidence. The allegation does not relate to any evidence or testimony against Defendant, so it is unclear whether Rule 33 even applies to his motion.

Even if Defendant's motion is timely, it must be denied. "To obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). In addressing relief based on juror bias, the Eighth Circuit has stated that the movant's burden is "not only to show that a juror failed to disclose a material fact during voir dire, but also to establish that the juror was in fact biased." *Fuller v. Bowersox*, 202 F.3d 1053, 1056 (8th Cir. 2000) (internal quotations and citations omitted). In *Fuller*, the court denied habeas relief a juror failed to disclose that his mother was a correctional officer and that where a juror failed to disclose that his mother had previously been employed by a law enforcement agency. *Id.* at 1057. The Eighth Circuit concluded that this circumstance was "simply too speculative to allow, as a matter of law, a presumption of bias on the part of the juror in question." *Id.* at 1058.

Likewise, Defendant's allegations are too speculative to presume bias. Defendant has not identified the juror, nor has he disclosed how he obtained this information, or information about the alleged corrections officer. There is no allegation from which the Court can infer than any juror was biased at Defendant's trial. At this stage of the proceedings, the basis for Defendant's motion is too speculative to warrant further hearing or a new trial.

Accordingly, Defendant's Motion for New Trial, Filing No. 85, is denied.

Dated this 16th day of August, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
