IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SKYLER F. SANDERS,<br><br>        Defendant. | **8:19CR318** |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SKYLER F. SANDERS,<br><br>        Defendant. | **8:19CR397**<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Skyler Sanders's Motion for Copies (Filing No. 184) and Motion for Leave to Proceed In Forma Pauperis (Filing No. 185).[1]  Sanders is serving a 96-month sentence in federal custody after he was convicted of bank robbery in 2021 and pled guilty to drug charges in 2022.  The Eighth Circuit affirmed the convictions on direct appeal.  He now asks for a free copy of his sentencing transcript, citing his indigency.  Sanders does not have a pending post-conviction petition under 28 U.S.C. § 2255 and does not say how he intends to use the transcript.

An indigent defendant does not have an unqualified right to a free transcript.  Instead, "whether [Sanders] is entitled to a free transcript depends on whether he [has] satisfied the requirements of [28 U.S.C. §] 753(f)."  *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir.

---

[1] This order resolves the identical motions at Filing No. 123 and Filing No. 124 in Case No. 8:19-cr-318.

1993) (second alteration in original). 28 U.S.C. § 753(f) allows the Court to provide a free transcript in certain criminal and post-conviction cases. Here, Sanders completed his direct appeals so the standard for post-conviction proceedings applies.

Sanders is entitled to a transcript for use in post-conviction proceedings "if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f). Here, the Court does not have enough information to make that determination. Sanders has not filed a post-conviction petition. *See* United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979) (affirming denial of a transcript request on this basis). Nor does he explain the basis for any future post-conviction petition, how he intends to use the transcript, or why "the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f); *Sistrunk*, 992 F.2d at 259 (affirming denial of a transcript request when the motion did not contain enough information to determine whether the petition was frivolous, or the transcript was necessary). Without this information, the Court cannot grant his Motion for Copies.

Sanders has not established that he is entitled to a free transcript under § 753(f). THEREFORE, IT IS ORDERED:

1. Sanders's Motion for Copies (Filing No. 184) is denied without prejudice.
2. Sanders's Motion to Proceed in Forma Pauperis (Filing No. 185) is denied as moot without prejudice to reassertion in a future case or petition.

Dated this 27th day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge